**No. 26-____**

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

In re LUIS SOTO, in his official capacity as Director/Warden of Delaney Hall Detention Facility; ARTHUR J. WILSON, JR., in his official capacity as Field Office Director, New Jersey Field Office, U.S. Immigration & Customs Enforcement; TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice, MARKWAYNE MULLIN, in his official capacity as Acting Secretary, U.S. Department of Homeland Security; and TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration & Customs Enforcement,

Petitioners.

---

## Emergency Motion for a Stay Pending a Ruling on the Government's Petition for a Writ of Mandamus and an Immediate Administrative Stay

---

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division | ROBERT FRAZER<br>United States Attorney |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | MARK E. COYNE<br>Supervisory Assistant U.S. Attorney<br>Chief, Appeals Division |
| ELIZABETH T. HEDGES<br>CHARLES E.T. ROBERTS<br>SEAN SKEDZIELEWSKI<br>Counsel to the Assistant<br>Attorney General | BENJAMIN MARK MOSS<br>Acting Senior Counsel for<br>District Court Litigation<br>Office of Immigration Litigation |
| AUGUST E. FLENTJE<br>Special Counsel for Immigration<br>Litigation | ALANNA T. DUONG<br>Senior Litigation Counsel<br><br>Counsel for Petitioners |

The federal government has petitioned this Court for a writ of mandamus directing the district court to vacate its June 2, 2026 order for a hearing on Monday, June 8, 2026 at 2:00 p.m. The district court's order requires the government to bring forth witnesses "with personal knowledge with respect to the alleged conditions at Delaney Hall and the policies and practices that had led to those alleged conditions." A23. As reflected in the district court's order (A55), the district court has denied the government's request to stay that extraordinary requirement. Accordingly, the government asks this Court to stay the hearing pending this Court's disposition of the pending mandamus petition and enter an immediate administrative stay to the same effect.

1.      A stay pending the disposition of a mandamus petition may be granted under the same standard that governs stays pending appeal. Courts consider: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434-35 (2009); *see id.* at 434 (explaining that "similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been

conclusively determined"); *In re Citizens Bank, N.A.*, 15 F.4th 607, 615-16 (3d Cir. 2021) (applying the usual four-factor standard to a stay pending mandamus); *cf. Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (articulating, in similar terms, the Supreme Court's standards for stays pending certiorari and mandamus). Each of these factors weighs in favor of a stay.

2.      For the reasons explained in the mandamus petition itself, the petition is likely to succeed on the merits. First, the district court violated the party-presentation principle by injecting conditions claims into a case about release under habeas. Indeed, the district court ordered fact-finding based on its own theory of the case not advanced by Morales and supported by facts not pled by Morales. Morales had not moved for an evidentiary hearing, nor is the court's chosen subject of inquiry germane to his claims for relief. This judicial overreach raises separation of powers concerns. The implication of the district court's decision to move ahead with a hearing about a facility at which Morales is no longer detained is to make the district court an inquisitor of operations at Delaney Hall rather than (properly) a decider of the claims in Morales's petition. The district court has no such authority. Because the district court has taken for itself the investigative power, the extraordinary remedy of mandamus is warranted.

Second, even if properly presented, the conditions claims are moot: Morales has been transferred to a different facility, ending his interest in challenging Delaney Hall conditions. Stated differently, the circumstances that existed when Morales filed his habeas petition have fundamentally changed. Thus, a conditions claim relating to Delaney Hall (which Morales never brought) is moot because his change in circumstances has "forestalled any occasion for meaningful relief" regarding that claim. *Artway v. Att'y Gen. N.J.,* 81 F.3d 1235, 1246 (3d Cir.1996). None of the exceptions to the mootness doctrine applies. A conditions claim is not inherently too short to be fully litigated, and there is no reasonable expectation or demonstrated probability that Morales will be detained at Delaney Hall again. Moreover, the issues the district court seeks to investigate (unlinked to any actual claim before it) also will not evade review, as the State of New Jersey has a pending suit against the operator of Delaney Hall regarding conditions facing detainees. The voluntary cessation exception is likewise unavailable. Because Morales did not plead a conditions-of-confinement claim, it cannot properly be said that the government's action is a response to such claims in his complaint. Accordingly, because the district court cannot grant any effective relief at this time and Morales is no longer detained at Delaney Hall, any conditions claim is moot, and no exception to mootness applies.

3

Third, conditions-of-confinement claims cannot be raised in habeas, which is the only claim for relief pled here. The district court speculated that Morales had implicitly raised an arbitrary and capricious challenge to conditions at Delaney Hall. *See* A41 ¶ 71. But this attack on alleged conditions of confinement is improperly raised in his habeas petition and does not support his claim for release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention." (citation omitted)); *Leslie v. Att'y Gen. of the U.S.*, 363 F. App'x 955, 958 (3d Cir. 2010) (nonprecedential) ("To the extent that [the petitioner] attempts to challenge the conditions of his confinement, we agree with the District Court that this habeas corpus petition was not the proper vehicle to raise his claims."). Mandamus is warranted given this improper expansion—by the district court, not Morales—of a straightforward habeas claim seeking release into an improper investigation into conditions of confinement to support a claim that was not, and cannot properly, be brought in habeas.

**3.** The equitable factors are equally straightforward. "When the Executive alleges judicial intrusion into its deliberations, courts must recognize 'the paramount necessity of protecting the Executive Branch from vexatious litigation.'" *In re Trump*, 172 F.4th 44, 53 (D.C. Cir. 2026) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 382 (2004)). Absent a stay,

the government will be irreparably harmed by the hearing. Indeed, the government has no practicable recourse to avoid the impending threat to its interests in autonomy and confidentiality. While the district court ordered the government to bring witnesses to the hearing, it placed no parameters on the scope of the inquiry, which risks becoming a free-ranging inquisition into personnel, sensitive law-enforcement information, security procedures, medical care provided to detainees other than the habeas petitioner here, and potentially privileged information regarding executive decisions. Any subsequent appeal cannot remedy the burdens of preparation, much less any disclosures made. Once the Supervisory Detention and Deportation Officer, whom the government has identified as a witness, must prepare and appear for intrusive testimony in open court, the violation of the separation of powers and intrusion upon the prerogatives and autonomy of the Executive Branch will occur. Nor is there any guarantee that the District Court won't order the government to have other government officials testify in a continuation of the hearing. "Such questioning is an 'interfer[ence] with a coequal branch's ability to discharge its constitutional responsibilities,' an interference that cannot be remedied by a later appeal." *In re Trump*, 172 F.4th at 54, (quoting *Cheney*, 542 U.S. at 382).

5

In *Chicago Headline Club v. Noem*, 168 F.4th 1033, 1036 (7th Cir. 2026), the Seventh Circuit granted a petition for mandamus where a district judge had taken judicial notice of news reports that led her to order a senior U.S. Customs and Border Protection official to testify every weekday about use of force activities during operation Midway Blitz. The court there found "two principal failings" with the district court's demands:

> First, it puts the court in the position of an inquisitor rather than that of a neutral adjudicator of the parties' adversarial presentations. Second, it sets the court up as a supervisor of [government personnel's] activities, intruding into personnel management decisions of the Executive Branch. These two problems are related and lead us to conclude that the order infringes on the separation of powers.

*Id.* (citation omitted). The resulting loss of confidentiality in sensitive law enforcement communications, and burdens on the Executive with diverting resources to prepare for testimony (including by assessing a wide range of information for potential invocations of privilege), constitute irreparable harm to the government. Such interference "with the federal government's core power to enforce immigration laws" also "risk[s] compromising national security[,]" *CoreCivic, Inc. v. Governor of N.J.*, 145 F.4th 315, 319, 328 (3d Cir. 2025), by diverting vital resources and potentially revealing sensitive information.

By contrast, Morales will not be harmed if he is prevented from obtaining (improper and irrelevant) discovery that he never even requested during the short time it will take this Court to decide the mandamus petition. There is also no legitimate interest in the district court's unexplained urgency. Since Morales is no longer detained at Delaney Hall and ICE has no intentions of returning him there, even if the district court's worst fears regarding Delaney Hall were true, they would have no bearing on Morales's petition.

Meanwhile, the public interest supports a stay. Just like New Jersey was on the "wrong side of th[e] line" when it attempted to forbid new contracts for civil immigration detention, the district court here is on the wrong side of the line by interfering "with the federal government's core power to enforce immigration laws." *CoreCivic, Inc.*, 145 F.4th at 319. Indeed, the public interest requires recognizing the "paramount necessity of protecting the Executive Branch from vexatious litigation that might distract it from the energetic performance of its constitutional duties." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 382 (2004) (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 715 (1982)). Given the significant separation of powers concerns that the district court's order raises and the absence of any clear,

immediate need for intrusive discovery into the Executive Branch, the equities and public interest plainly favor a stay.

**4.** For much the same reason, an immediate administrative stay of the district court's June 2, 2026 order for a hearing on Monday, June 8, 2026 at 2:00 p.m. is warranted. An administrative stay "'freeze[s]'" the status quo and "buys [] time" for this Court to consider the government's stay motion. *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). The "point" is to "minimize harm" in the short period between now and "the time it takes" for the Court to resolve the broader request. *Id.* at 798-99. Both the Supreme Court and circuit courts "frequently" grant this kind of relief. *See id.* (collecting examples). Such relief is particularly appropriate here. Absent immediate relief from this Court, government officials will be forced to appear in court on Monday, June 8 at 2:00 p.m., irreparably harming the government. It would be one thing were the scheduled hearing a reasonable response to a party's claim or motion. It is quite another to require the government to devote those resources to a hearing that shouldn't occur at all. This is the quintessential scenario in which it is appropriate to issue "administrative" relief that "buys the court time to deliberate" on a broader request for expedited relief. *Id.* at 798.

## CONCLUSION

For these reasons, the government respectfully requests that the Court stay the district court's order pending the adjudication of the mandamus petition, or grant an administrative stay, by 2:00 p.m. on June 8, 2026. The government further states that (1) its attorneys are diligently preparing for the June 8 hearing and will continue doing so all day Sunday unless and until the hearing is stayed; and (2) absent a stay, the attorneys who will represent the respondents at the hearing (United States Attorney Robert Frazer, Appeals Division Chief Mark E. Coyne, and AUSA Brooks Doyne) will depart no later than 11 a.m. Monday morning in order to ensure that they arrive well before the scheduled 2 p.m. start of the hearing.

June 6, 2026                                      Respectfully submitted,

BRETT A. SHUMATE                        ROBERT FRAZER
Assistant Attorney General              United States Attorney
Civil Division

                                        MARK E. COYNE
DREW C. ENSIGN                          Supervisory Assistant U.S. Attorney
Deputy Assistant Attorney General       Chief, Appeals Division

CHARLES E.T. ROBERTS                    *s/ Elizabeth Hedges*
SEAN SKEDZIELEWSKI                      ELIZABETH HEDGES
Counsel to the Assistant                Counsel to the Assistant Attorney
Attorney General                        General, Civil Division
                                        U.S. Department of Justice
AUGUST E. FLENTJE                       950 Pennsylvania Ave NW
Special Counsel for Immigration         Washington, DC 20530
Litigation                              (202) 616-0929
                                        Elizabeth.T.Hedges@usdoj.gov
BENJAMIN MARK MOSS
Acting Senior Counsel for               *Counsel for Petitioners*
District Court Litigation
Office of Immigration Litigation

ALANNA T. DUONG
Senior Litigation Counsel

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion:

(1)    complies with Federal Rules of Appellate Procedure 27(d)(2) and 32(g) because it was prepared in 14-point Georgia, a proportionally spaced font, and contains 1,908 words, excluding the parts exempted by Rule 32(f);

(2)    was scanned for viruses using the latest version of Microsoft CrowdStrike Falcon and no viruses or malware was detected; and

(3)    is identical to the text in any paper copies of the petition.

s/ *Elizabeth Hedges*
Elizabeth Hedges
Counsel to the Assistant Attorney
General Civil Division

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2026, I electronically filed the foregoing with the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.  Counsel for respondent (the habeas petitioner below) were served by email. I also provided a copy to the district court by email (znq_orders@njd.uscourts.gov).

s/ *Elizabeth Hedges*
Elizabeth Hedges
Counsel to the Assistant Attorney
General, Civil Division