No. 26-2429

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

In re LUIS SOTO, in his official capacity as Director/Warden of Delaney Hall Detention Facility; ARTHUR J. WILSON, JR., in his official capacity as Field Office Director, New Jersey Field Office, U.S. Immigration & Customs Enforcement; TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice, MARKWAYNE MULLIN, in his official capacity as Acting Secretary, U.S. Department of Homeland Security; and TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration & Customs Enforcement,

Petitioners.

**RESPONSE TO THE PETITION FOR WRIT OF MANDAMUS**

**ON BEHALF OF THE HONORABLE ZAHID N. QURAISHI, U.S.D.J.**

The Court of Appeals invited the district court to respond to the mandamus petition in this matter in its Order issued June 7, 2026.  (Docket Entry No. 4.)  The undersigned's response is set forth herein.

It is black-letter law that a writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted); *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3d Cir. July 31, 2024).  To demonstrate that mandamus is appropriate, a petitioner must establish that "no other adequate means" exist to obtain the relief requested, and a "clear and indisputable" right to issuance of the writ.  *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996). The district court respectively submits that the drastic and extraordinary remedy of mandamus is not warranted here. However, the Court of Appeals need not consider the merits of this petition because it has been rendered moot by an Order recently entered by the district court.

The district court has now dismissed the habeas petition below, including any conditions claim.  The dismissal was entered because the Government has since made it clear to the district

1

court that Habeas Petitioner Freiman Xaviel Hamui Morales's[1] transfer from Delaney Hall is permanent and that there is no longer a reasonable expectation that he would be returned to the challenged conditions at Delaney Hall. Because the district court has concluded that any condition claim that may have been raised is moot and has denied the habeas petition, there remain no grounds to grant the requested mandamus relief in this matter.

In response to the Government's briefing, the district court takes this opportunity to clarify that the undersigned and the Government are in agreement that a conditions claim is available in a habeas proceeding only in "extreme" cases. *See Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). The district court did not assume that Habeas Petitioner's case was, or was not, an extreme case that merited intervention. It found only that the case *could* be such a case in light of the conditions he alleged exposure to in Delaney Hall. The district court reasoned that an evidentiary hearing was the most expedient and effective mechanism available to develop the record for it to decide what was before it: a habeas petition and a motion for a temporary restraining order. It therefore exercised its authority to order a hearing.

As a matter of policy, the undersigned respectfully submits that a modest burden of requiring the Government to participate in an evidentiary hearing consisting of two witnesses— one of whom would have been Habeas Petitioner—cannot satisfy the Government's burden to justify the extraordinary mandamus relief it seeks. This is especially true given that the Government would have maintained the right to appeal any decision the district court might have reached based on the evidence presented at the hearing. *See In re Chandler*, 426 F. App'x 77, 78 (3d Cir. 2011) ("Mandamus is not an alternative to an appeal; because of its drastic nature, 'a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.'") (citation omitted). As noted, however, the Court of Appeals need not decide this issue given the conclusion of the case below.

Respectfully submitted,

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF NEW JERSEY

---

[1] The district court refers to Petitioner Freiman Xaviel Hamui Morales, who filed the habeas petition below, as "Habeas Petitioner" to avoid confusion with Petitioners seeking mandamus relief before this Court.